## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANIEL M. KOCH individually and on
on behalf of other similarly situated persons,

      Plaintiff,

    v.

MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.

      Defendants.

Case No. 17-cv-14038

**JURY DEMANDED**

**CLASS ACTION**

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, individually and on behalf of other similarly situated persons, brings this action under the Fair Debt Collection Practices Act against Defendants MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act).

3.    Venue is proper in this District because the conduct complained of was directed to Plaintiff who resides in Washtenaw County.

**PARTIES**

4.      Plaintiff is a natural person who resides in the County of Washtenaw, State of Michigan.

5.      Plaintiff is a "consumer" as defined as 15 U.S.C. § 1692a(5) in regard to the letter, Exhibit A.

6.      MIDLAND FUNDING, LLC, is engaged in the business of taking title to charged-off consumer debts, including credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing on form 10-Q, Aug. 8, 2008).

7.      MIDLAND FUNDING, LLC, is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

8.      MIDLAND CREDIT MANAGEMENT, INC. is a "debt collector" as defined as 15 U.S.C. § 1692a(6) as it is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

9.     "Midland [Funding, LLC], M[idland] C[redit] M[anagement] . . . are wholly-owned subsidiaries of Encore Capital and share common officers and directors with Encore Capital.  Midland and MCM operate in concert with one another, and under the direct supervision and control of Encore Capital, to purchase and collect Consumer Debt on a massive scale."  *In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, p. 5 (CFPB Sept. 9, 2015) *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf (last visited June 30, 2016).

## FACTS

10.     MIDLAND CREDIT MANAGEMENT, INC., on behalf of MIDLAND FUNDING, LLC, sent a letter dated 11-08-2017, addressed to Plaintiff, a redacted copy of which is Exhibit A.

11.     Plaintiff received the letter dated 11-08-2017, a redacted copy of which is Exhibit A.

12.     Exhibit A identifies a "debt" under 15 U.S.C. § 1692a(5).

13.     The letter dated 11-08-2017, lists the "Original Creditor" as "Target National Bank".

14.     Target National Bank was the bank that issued Target store branded credit cards.

15.     Target National Bank no longer is in existence.

16.     The letter, Exhibit A, states that the offer of the reduced amount offer expires on 12-08-2017.

17.     At the time of Plaintiff's receipt of the letter, Plaintiff was attempting to clean up his credit and had a month earlier obtained a copy of his TransUnion consumer report.

18.     Exhibit A is a "communication" under 15 U.S.C. § 1692a(3) as it conveys information regarding a debt directly or indirectly to any person.

19.     Plaintiff read the language on the letter, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

20.     Plaintiff understood the language, "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it" to mean that the debt in the letter that was trying to be collected was so old he could not be sued on it.

21.     Plaintiff understood the language, "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" that if he did not pay the debt, MIDLAND FUNDING, LLC, would continue to report the debt as unpaid with the credit reporting agencies until he paid it.

22.    Plaintiff after reading the language, "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" sent his legal counsel in Michigan, who was representing him another legal matter, a picture of the letter and informing his counsel that, "It's one of the tbe one's that are on the tbe credit report that's about to fall off, but it says they can still mess up my credit after it falls off. :(".



23.    15 U.S.C. §§ 1681c(a), (a)(4) provides:

(a) INFORMATION EXCLUDED FROM CONSUMER REPORTS Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

24.    Plaintiff's TransUnion consumer report obtained on or around October 3, 2017, in part states:

| MIDLAND FUNDING LLC   #855903**** | | | | | |
|---|---|---|---|---|---|
| 2365 NORTHSIDE DRIVESUITE 300 | | | | | |
| SAN DIEGO, CA 92108 | | | | | |
| (844) 236-1959 | | | | | |
| Placed for collection: | 04/03/2013 | Balance: | $781 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 09/22/2017 | | |
| Account Type: | Open Account | Original Amount: | $781 | | |
| Loan Type: | DEBT BUYER | Original Creditor: | TARGET NATIONAL BANK (Retail) | | |
| | | Past Due: | >$781< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 12/2017

25.    The subject letter was sent the month prior to the month the debt was by operation of law to be removed from Plaintiff's consumer report, "12/2017".

26.    Plaintiff incurred costs for his legal counsel's services to review Exhibit A.

## COUNT I

27.    Plaintiff incorporates paragraphs 1-26 above herein.

28.    Setting an expiration date coupled with the language in the subject letter, "We are not obligated to renew any offers provided" is to convey urgency to the reader to pay the debt.

29.   15 U.S.C. § 1692e(5) provides, "The threat to take any action that cannot legally be taken or that is not intended to be taken."

30.   15 U.S.C. § 1692e, in pertinent part, provides, "A debt collector may not use any . . . misleading representation or means in connection with the collection of any debt."

31.   15 U.S.C. § 1692e(10) prohibits, in pertinent part, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt[.]"

32.   MIDLAND FUNDING, LLC cannot cause a consumer reporting agency, as a matter of law, to report an account as unpaid after the time set forth in 15 U.S.C. § 1681c(a)(4).

33.   On information and belief, MIDLAND FUNDING, LLC does not report debts as unpaid to consumer reporting agencies indefinitely after the time set forth in 15 U.S.C. §§ 1681c(a)(4) if the debt remains unpaid.

34.   The subject letter's statement, "If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" violates 15 U.S.C. §§ 1692e(5), e and e(10).

## CLASS ALLEGATIONS

35.   Plaintiff proposes to represent a class comprised of (a) all individuals with a Michigan address (b) to whom MIDLAND CREDIT MANAGEMENT, INC., sent or caused to be sent a letter, (c) seeking to collect monies on an account

alleged to owned by MIDLAND FUNDING, LLC, (d) which includes the language, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid" (e) when the letter was sent on or after December 15, 2016, and January 5, 2018.

36.   On information and belief, as part of a portfolio of accounts, that included the account stated in Exhibit A, MIDLAND FUNDLING, LLC, paid pennies on the dollar amount for each of those accounts.

37.   MIDLAND FUNDLING, LLC purchases Consumer Debt on a massive scale. *In the Matter of: Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., et al.*, 2015-CFPB-0022, Doc. 1, Consent Order, p. 5 (CFPB Sept. 9, 2015) *available at* http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf (last visited June 30, 2016).

38.   On information and belief that there are more than 40 persons who are defined in the proposed class definition in paragraph 35.

39.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

40.   The predominant common question is whether the subject form letter stating, "If you do not pay the debt, we may continue to report it to the credit

reporting agencies as unpaid" conveys a threat to take any action that cannot legally be taken or that is not intended to be taken, and/or is either false, deceptive or misleading.

41.    Plaintiff will fairly and adequately protect the interests of the class.

42.    Plaintiff has retained Curtis C. Warner, who is an attorney experienced in handling class actions brought under the FDCPA.

43.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.

**WHEREFORE,** Plaintiff requests this Honorable Court to:

A.    Certify that this action may proceed as a class action under Rule 23;

B.    Enter an Order appointing Plaintiff as the class representative and Plaintiff's counsel as counsel for the class;

C.    Enter a judgment against Defendants for statutory and actual damages available under the FDCPA; and

D.    Enter a judgment against Defendants for Attorney's fees and costs.

Respectfully submitted,

s/ Curtis C. Warner
    Curtis C. Warner

Curtis C. Warner (P59915)

WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal